# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| MICHAEL HUNTER HAURY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-CV-141 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Michael Hunter Haury, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to challenge his 1990 murder conviction in Vanderburgh County. (DE 22.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. This is Haury's third attempt to file a petition stating a cognizable claim for relief. (*See* DE 1, 20.) In the current petition he lists one ground for relief, stated as follows:

> The Indiana Department of Correction's [state] employees are currently denying me the right to: 1) Self Representation by proceeding pro se in court; 2) To Appeal my criminal conviction and sentence as a pro se litigant; 3) The right to have my legal motions, writs and other necessary legal instruments in my possession in order to litigate and/or prosecute a cause of action in an American Court of Law; and 4) The right to proceed as a legally recognized SOVEREIGN in the various state, federal and international courts of law under the UCC/Uniform Commercial Code - Vice Admiralty/Maritime Court.

(DE 22 at 5.)

This ground does not present a cognizable basis for granting habeas relief overturning Haury's conviction. Rather, it is apparent that Haury is attempting to raise a claim pertaining to the conditions of his confinement, specifically, the handling of his legal mail and other legal

documents by prison staff. (*See* DE 22 at 5-6.) Haury cannot raise claims pertaining to the conditions of his confinement in a habeas proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). While he is free to file a lawsuit under 42 U.S.C. § 1983, subject to the usual constraints of the Prison Litigation Reform Act ("PLRA"), he cannot proceed with the claim in this action.[1]

For these reasons, the petition (DE 22) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. Haury's pending motions (DE 23, 24) are **DENIED** as moot.

**SO ORDERED** on July 15, 2011.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[1] It appears that Haury may be attempting to circumvent the requirements of the PLRA by raising his claim in a habeas petition. He was recently advised by the court that he has incurred three or more strikes for filing frivolous lawsuits and therefore can no longer proceed under the partial prepayment option unless he is under imminent risk of serious physical injury. *See Haury v. Lemon*, 3:11-CV-145-RLM (N.D. Ind. order dated Apr. 14, 2011).